IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| BRANDI L. ANDERSEN, | ) | CASE NO. 8:17-cv-475 |
|---|---|---|
| Plaintiff, | ) | |
| | ) | **PROTECTIVE ORDER** |
| vs. | ) | |
| ENVISIONS, INC., | ) | |
| Defendant. | ) | |

**THIS MATTER** came on for hearing on the Joint Motion for Entry of Stipulated Protective Order, and the Court being fully advised in the premises, finds that the requested relief should be granted.

**IT IS THEREFORE ORDERED** that the Joint Motion for Entry of Stipulated Protective Order be granted and the same is hereby sustained and that all information including documents, photographs, and testimony produced and obtained during the course of discovery which the producing party claims constitutes or contains confidential or personal information (hereinafter referred to as "Confidential Information") and has therefore marked or otherwise designated as confidential in the manner set forth below, are subject to the following terms and conditions of this Protective Order:

1. Confidential Information shall be designated as such pursuant to the following conditions:

    a. In the case of documents (including electronically stored information) produced in hard copy or electronically, by placing the word "Confidential" on each page designated confidential provided, however, Social Security numbers of non-party employees may be redacted prior to disclosing documents containing such information;

    b. In the case of responses to written discovery, by inserting the word "Confidential" prior to each response containing Confidential Information; and

c.  In the case of depositions, by either designating testimony as confidential on the record during the deposition or in correspondence sent to all parties within 30 days after receipt of the transcript of the deposition, provided, however, all depositions of the parties or their current or former employees shall be deemed to be Confidential Information until 30 days after receipt of the transcript of the deposition.

2. The protection granted by this Order shall encompass the documents in their entirety. Upon receiving the Confidential Information, counsel is responsible for abiding by the terms and conditions of this Protective Order.

3. Inadvertent failure to so designate prior to production as set out in paragraphs 1 "a"-"c" will not prevent a subsequent "Confidential" designation. Any use of such documents prior to actual notice of designation as "Confidential" shall not constitute a violation of this Order.

4. Counsel may be provided with a single copy of the Confidential Information, except as otherwise agreed between the parties' counsel. No copies are to be made, other than those necessary for counsel to use in accordance with this Protective Order, in preparation for the case and those incidental to incorporation into a Brief or other document or material to be filed with this Court.

5. In the event that either party files with the Court any Confidential Information supporting a discovery Motion, dispositive Motion, or pre-trial Motion, counsel shall file such documents under restricted access pursuant to the Rules of this Court. The Court shall treat all Confidential Information as an in camera submission.

6. Confidential Information shall only be disclosed or disseminated to, and used by, persons identified as "Qualified Persons" defined in paragraph 7 "a"-"d" for purposes of this litigation or any appeals taken therefrom, and shall not be used for any other purpose whatsoever.

7. "Qualified Persons," as used herein, means:
   a.  To the parties, their claim administrators, and their counsel, including firm lawyers, firm paralegals, and firm support personnel who are working on this action with counsel, who shall collectively be bound by the terms of this Order;

b. To persons employed by counsel as vendors, consultants, or expert witnesses or consultants in this action, provided, however, no Confidential Information shall be provided to such persons until they have executed a written agreement not to disseminate, in the form attached hereto as Exhibit "A;"

c. To witnesses during depositions, provided, however, prior to providing Confidential Information to such persons, they shall be provided with a copy of this Order and asked to sign a written agreement not to disseminate, in the form attached hereto as Exhibit "A;" and

d. To certified court reporters acting as such.

8. The written agreement not to disseminate entitled, "Non-Disclosure Agreement," attached to this Protective Order as Exhibit "A," and is incorporated herein. All confidential documents filed shall be filed with restricted access pursuant to the rules of this Court, and nothing in this Protective Order shall prevent any party from seeking such additional or further protection as deemed necessary or appropriate to protect documents or information subject to discovery herein.

9. Subject to the Federal Rules of Evidence, Confidential Information may be offered into evidence at trial or at any hearing or oral argument. A party agreeing to entry of this Order does not thereby waive the right to object to the admissibility of the document in any proceeding, including trial. Any party may move the Court for an order that the evidence be received in camera or under other conditions to prevent unnecessary disclosure.

10. Nothing herein shall preclude a party from challenging the designation of any information, document, or testimony as confidential, by notifying counsel for the disclosing party in writing of such objection, specifying with particularity, the material believed to be improperly classified and the basis for the contention that such material should not be designated as confidential, whereupon counsel for the parties shall negotiate in good faith to resolve the dispute over such designation, and only upon failure to resolve such dispute, counsel for the disclosing party may file a Motion seeking appropriate relief, provided, however, that, in the absence of resolution or motion within 30 days of service of such objection, the information,

document, or testimony at issue will no longer be considered confidential.

11. At the conclusion of this case, including any appeals, all Confidential Information (and copies thereof) in the possession, custody, or control of the recipient party and the recipient party's attorneys must be (a) destroyed or (b) maintained in the possession, custody, or control of the recipient party's attorneys and withheld from all other persons, with the exception of non-party personnel files which shall be destroyed or returned to the producing party's attorney within 60 calendar days after a final decision on the merits in this civil case, including any appeals.

12. Nothing in this Order constitutes any decision by the Court concerning discovery disputes or the admission into evidence of any specific document or liability for payment of any cost of production or reproduction of documents nor does the Order constitute a waiver by either counsel of any right to object to discovery or admission into evidence of any document or record subject to this Order.

13. All produced confidential materials remain the property of the producing party. The recipient shall appropriately safeguard confidential materials.

**IT IS FURTHER ORDERED** that the obligations imposed by this Protective Order shall survive the termination of this action and any related actions.

Dated this 15th day of November, 2018.

By the Court:

_____
Magistrate Judge

**PREPARED AND SUBMITTED BY:**

ENGLES, KETCHAM, OLSON & KEITH, P.C.
1350 Woodmen Tower
Omaha, Nebraska 68102
(402) 348-0900  Fax (402) 348-0900
Robert S. Keith, #21023
rkeith@ekoklaw.com
Alexis M. Wright, #25844
awright@ekoklaw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| BRANDI L. ANDERSEN, | ) | CASE NO. 8:17-cv-475 |
|---|---|---|
| Plaintiff, | ) | |
| | ) | **NON-DISCLOSURE AGREEMENT** |
| vs. | ) | |
| ENVISIONS, INC., | ) | |
| Defendant. | ) | |

The undersigned, having read the Protective Order issued by the United States District Court for the District of Nebraska, in the above-captioned action, a copy of which is attached hereto, which protects the confidential information of the parties produced or obtained during discovery in said action, agree to be bound as follows:

1. The undersigned agrees to be bound by the provisions of the Protective Order.

2. All confidential information disclosed to the undersigned pursuant to the Protective Order shall not be disclosed, disseminated, or published by the undersigned except as permitted in the Protective Order.

3. The undersigned agrees that he/she shall not acknowledge the existence of the confidential information to anyone for any reason at any time, except as permitted in the Protective Order.

4. The undersigned agrees that he/she shall take all appropriate and necessary precautions to avoid loss or inadvertent disclosure of the confidential information as designated under the Protective Order.

5. The undersigned agrees that, after his/her permitted use of the confidential materials and documents is completed, he/she shall return any and all confidential materials and documents received to the person or entity from which he/she received the confidential materials and documents.

6. The undersigned agrees the terms of this Non-Disclosure Agreement shall continue

EXHIBIT A

after return of the confidential materials and documents and shall survive the termination of the above-captioned matter and any related actions.

**DATED** this _____ day of _____, 201___.

                                           _____
                                           Recipient of Confidential Information

                                           _____
                                           Name (printed)

                                           _____
                                           Address

                                           _____
                                           Employer